## CIRCUIT COURT OF FREDERICK COUNTY

Macy Spiker

   v.

Farmers and Merchants
National Bank of Winchester,
Executor of the Estate of
John C. Gold, Deceased

December 18, 1957

## BY JUDGE ELLIOTT MARSHALL

This case presents the difficult problem of determining the adequacy of the corroboration of the existence and terms of an alleged oral contract between employer and employee to be performed by the employer at his death. The question here, as in all these cases, has some novel features.

The plaintiff (employee) testified as to the existence and terms of a definite contract to the effect that, in consideration of his continued service to his employer, the latter undertook to set aside a sum certain per month (over and above wages paid) to be retained until the employer's death at which time the total so retained to be available to the employee at a named bank.

The corroborating evidence was quite varied. The Bank named was the employer's executor and under the terms of his will the plaintiff was bequeathed two hundred dollars. Several witnesses testified to statements of the employer to the effect that he intended to leave the plaintiff something in his will, in one instance the amount being more than the plaintiff claims. One of the corroborat-

ing witnesses said that the employer expressed the intention to give the plaintiff a house.

While all the corroborating evidence tended to show that the employer contemplated making provision for the plaintiff in his will, which was not in strict accordance with the contract detailed by the plaintiff, it must be conceded that it strongly tended to establish a recognition of some duty or obligation due the plaintiff. It does not corroborate with certainty the terms and conditions of the contract narrated by the plaintiff, but I think that it does sufficiently tend to corroborate the existence of a contract between the parties as to create a jury issue upon such question. It would seem to make little difference in this case whether the contract visualized performance on the employer's part by provision for the plaintiff in his will or by constituting the plaintiff a creditor of his estate, but if such an issue should arise I think that the plaintiff could rise no higher than his own testimony which would establish a debtor-creditor relationship rather than an undertaking by the employer to provide for him in his will, although, as we have observed, the corroborating evidence all points to the fact that this was the employer's view of his undertaking. Even though there might have been no actual meeting of the minds on this subject it would not void the contract for uncertainty where the promisor's undertaking has been fully performed, and in such a case the court would merely hold the plaintiff to be a creditor in cases where there was no question of corroboration. As I have said, I think that there is sufficient corroboration of the *existence of a contract* to create a jury issue. If so, we must inquire as to whether there is sufficient evidence to corroborate its terms and conditions.

As we have observed, it is obvious that the corroborating evidence does not with any degree of certainty corroborate the details of the contract described by the plaintiff. There is no evidence to support his testimony that the employer promised to withhold for him the monthly sums or that he ever took any steps in such direction. There was no such identifiable sum found in his possession at the employer's death. The employer bequeathed the plaintiff two hundred dollars which would tend to indicate that he regarded this as a fulfillment of his entire obligation.

It is true that the statements of the employer during his life indicated an intention to leave the plaintiff property or money of comparable value and amount, but such evidence was interspersed with indications of a spirit of benevolence and could hardly be said to point directly to a detailed express contract. However, we cannot ignore the evidence which, though somewhat sketchy, tended to show that the plaintiff was never paid the prevailing wage for his services. This is possibly the most vital corroborative evidence which could support a contract of the kind in the instant case. This proposition is very forcefully brought to our attention in the case of *Simpson* v. *Scott*, 189 Va. 392 (1949), in which a comparable situation was involved. There the plaintiff, a servant, testified that she agreed to work for the decedent at $8.00 per month in consideration of his promise to leave her not less than $4,000.00 in his will. The decedent made statements that he intended to leave something to the plaintiff in his will but the main corroboration was to the effect that the *prevailing wage was considerably more than that paid the plaintiff.* It is interesting to note that although the testimony of the plaintiff was that she was entitled to $4,000.00 *under an express contract,* the jury rendered a verdict of $2,500.00 which was sustained. Although the amount of the verdict was not questioned, it is obvious that the recovery was upon a basis of *implied contract.* Approval of such a recovery seems implicit in the decision. Such a holding seems to ignore the common law proposition that a plaintiff cannot plead in the alternative an express and an implied contract (whether at law or in fact). However, the courts have long since modified this harsh rule which must have resulted in gross injustice. The prevailing view is that where portions of an express contract are unenforceable because of uncertainty or other cause the performing promisee can nevertheless recover on a *quantum meruit.* 12 Am. Jur., p. 505. This is in effect "reformation" of an alleged express contract by a judge or jury, but it is in all cases imposing upon the promisor a lower duty than that claimed by the promisee to have been expressly undertaken by the promisor. Thus, in the instant case as well as in *Simpson* v. *Scott* (*supra*), if the jury are convinced by the greater weight of the evidence that some form of contract existed between the parties and that

the undertaking of the employer was precisely as detailed by the plaintiff, he could recover such amount. If the jury are not convinced by the greater weight of the evidence that there was a complete meeting of the minds as to the exact amount the plaintiff could recover a lesser sum upon an implied contract for the reasonable value of services rendered.

There seems to be an increasing attitude of leniency in our decisions involving contracts such as the one in the instant case. Equitable principles have obviously crept into the application of strict legal rules. I think that this is healthy. Where the evidence discloses that an unlearned and inexperienced employee has rendered valuable services for which he has not been compensated, and there is credible corroboration that the employer recognized some obligation the employee should recover on the contract if it can be proved that the amount claimed is according to the prevailing wage. If the claim is exorbitant either the jury or judge should have the power to lessen it by saying that although the plaintiff has failed to establish the terms and conditions of an express contract he may recover the value of his services under an implied contract.

Time and again in the cases it is said that the corroboration required is not such as to make out a case in itself but only to confirm and strengthen the belief in the testimony of the plaintiff. It is not necessary to corroborate each detail of the contract, if the evidence is such as lend credence to the testimony of the plaintiff in such respect.

I think that the court erred in striking the evidence, and, therefore I must sustain the motion for new trial.